IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-952-NJR-DGW |
| ) | |
| WEXFORD HEALTHCARE SERVICES, ) INC., CHRISTINE BROWN, and KAREN ) JAIMET, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction filed by Plaintiff on September 6, 2017 (Doc. 2), the Motion to Dismiss filed by Defendant Wexford on December 18, 2017 (Doc. 33), and the Motion to Dismiss filed by Plaintiff on December 22, 2017 (Doc. 40). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Preliminary Injunction be **GRANTED IN PART**, that Wexford's Motion to Dismiss be **DENIED**, that Plaintiff's Motion to Dismiss be **MOOTED,** and that the Court adopt the following findings of fact and conclusions of law.

#### INTRODUCTION

Plaintiff, William A. Malone, is an inmate incarcerated at the Pinckneyville Correctional Center. He is a three striker (actually a ten striker) in that he has filed more than three lawsuits

that have been deemed frivolous.[1] However, he has been permitted to proceed in this suit under the imminent danger exception contained in 28 U.S.C. § 1915(g). In particular, he has been permitted to proceed on one count of deliberate indifference to a serious medical need, to wit, a defective hip replacement and associated conditions, against Wexford Health Sources and Christine Brown, the healthcare unit administrator.

Along with his complaint, Plaintiff filed a motion for preliminary injunction (Doc. 2). This matter was set for a hearing on the motion prior to Defendants' appearance on October 23, 2017 (Doc. 19). Defendants then filed a motion to dismiss arguing that Plaintiff is not in imminent danger and that his *in forma pauperis* status should be revoked for failing to disclose his entire litigation history. Plaintiff's "motion to dismiss" is in fact a response to Defendants' motion and will be treated as such. A hearing on the motion to dismiss was held on June 4, 2018 in which Plaintiff appeared by video-conference and Defendants appeared by counsel.

### FINDINGS OF FACT

According to Plaintiff's claims and the information provided at the two hearings, he had total bilateral hip replacement surgery on March 3, 2005 (left side) and May 31, 2005 (right side) that resulted in the placement of "30 lbs of steel." Ever since the surgeries, Plaintiff has been experiencing increasing pain and functional limitations. He states that in 2007 or 2008, he was

---

[1] Plaintiff is a restricted filer and now is also subject to a filing ban. On June 6, 2018, the Seventh Circuit Court of Appels directed that "[u]ntil, Malone has paid in full all outstanding fees and any sanctions in all civil actions he has filed, the clerks of all federal courts in this circuit will return unfiled any papers submitted either directly or indirectly by or on behalf of Malone." (*See* 3:17-cv-935-SMY, Doc. 21). No exceptions are listed in the Order other than for criminal cases and those suits challenging a criminal sentence (i.e h*abeas corpus*). The practical effect of a filing ban is that Plaintiff cannot file any papers in this civil rights action notwithstanding his claim of imminent danger. *See Support Systems Intern., Inc. v. Mack*, 45 F.3d 185, 186-7 (7th Cir. 1995) (declining to allow a civil rights suit exception to a filing ban); *Isby-Israel v. Lemmon*, 674 Fed.Appx. 569 (7th Cir. 2017) (mem). The matters contained in this Report and Recommendation, however, were fully briefed prior to the filing ban.

told that he needed "revision" surgery because of problems with the implanted steel. Plaintiff believes that he suffers from metallosis or metal poisoning caused by the implants. He has not had any other surgery on his hips, including the "revision" surgery.

Immediately prior to filing the lawsuit, Plaintiff stated that his motor functions were deteriorating, that he had blood in his stool, that his eyesight was failing, that he would faint, that he had untreated asthma, and that he was not provided medical care. He also suffered from nausea and significant weight loss. He had two urinary tract infections (due in part to lack of hygiene products) in addition to 4 other bacterial infections in his ears (which caused temporary deafness). He suffered from lack of sleep and sleep apnea. These events happened at Pinckneyville CC. Plaintiff was transferred to Menard Correctional Center on January 8, 2018. Plaintiff states that he lost 70 pounds since coming to Menard. He can do no exercises or physical therapy and his pain is so bad that he cannot feel when he has bowel movements or when he has to urinate (he has had a catheter in place since 2012). Plaintiff requests an examination by a specialist.

A month prior to the filing of the Complaint, on July 27, 2017, Plaintiff had an x-ray performed. This x-ray showed no fracture, dislocation or condition other than arthritis (Doc. 38, p. 2). His treating physician at the time, Dr. Alberto Butalid prescribed pain and anti-inflammatory medication to treat his hip complaints (*Id.*). Dr. Butalid believes Plaintiff's condition can be managed with medication and physical therapy (*Id.*). Plaintiff testified that he didn't always get the medications prescribed and that they have not been helpful. Plaintiff notes that he has gone through a number of rounds of physical therapy but none have been helpful. He had another x-ray on January 18, 2018 while under the care of Dr. Siddiqui. This x-ray likewise did not show a problem with Plaintiff's implants.

The Court finds Plaintiff credible, based on his demeanor at the hearing, in his statements regarding the suffering occasioned at the time that he filed his complaint and that he currently is experiencing. Plaintiff genuinely appeared to be concerned and distressed about his medical condition. He also appeared to weigh closer to 200 pounds than the 295 pounds reported in his medical records from the Summer of 2017. While Plaintiff has self-diagnosed metalossis as the culprit of his deteriorating medical state, this Court finds that he has experienced and is experiencing significant pain and functional limitations that may be the result of his implants. This Court further finds that neither Dr. Butalid nor Dr. Siddiqqui are specialized or qualified in evaluating and treating Plaintiff's orthopedic needs. The medical treatment so far, consisting of x-rays, sporadic pain medication, and on-going physical therapy appear to be unhelpful. While Dr. Butalid states that Plaintiff's medical condition had not changed significantly in the last half of 2017, this is contrary to Plaintiff's testimony (which the Court finds credible). Defendants further provided no evidence contradicting Plaintiff's claims of pain and functional limitations and nothing to explain his significant weight loss.

### CONCLUSIONS OF LAW

*Preliminary Injunction*

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;
    2. no adequate remedy at law; and

      3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).  As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning."  *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).   Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest."  *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).  "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor."  *Korte*, 735 F.3d at 665.  In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2).  Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

    In order to prevail on his deliberate indifference claim, Plaintiff must show that he has a serious medical need and that Defendants were aware of a substantial risk of harm but intentionally or recklessly disregarded his needs.  *Hayes v. Snyder*, 546 F.3d 516, 522-24 (7th Cir. 2008).  Plaintiff testified that he has been in significant pain since 2017, that pain medications prescribed are ineffective, or that he is not given medication that has been prescribed.  He states that he has lost significant weight, that he has lost eyesight and hearing, that he is subjected to multiple bacterial infections, and that he has significant functional limitations.  He attributes these conditions to his hip implants and it is apparent from the medical record that an evaluation of his

conditions has not been done by a specialist. Thus, Plaintiff may be able to show that he has been subjected to plainly inappropriate care (even if his guess as to the sources of his deteriorating medical state is erroneous). Plaintiff has therefore established some reasonable likelihood of success on the merit.[2] Moreover, he has demonstrated irreparable harm absent an injunction. He has lost significant weight, he is in significant pain, and is subjected to ever increasing functional limitations. Plaintiff believes that his body is failing, and no remedy at law can stem such a tide. Thus, Plaintiff has met his threshold burden of showing he is entitled to equitable relief.

The balance of equities also warrants relief. Plaintiff requests an evaluation by an orthopedist to determine whether his implants are the root cause of his deteriorating physical state and what more can be done to alleviate his pain and functional limitations. Such a referral would not place a burden on Defendants as they most likely employ or contract with such specialists. Indeed, there is no evidence that Defendants would be burdened at all in having Plaintiff evaluated by an orthopedist. The cost to Plaintiff, however, is high given his significant weight lost, pain, and suffering.

*Motion to Dismiss*

The District Court already has found that Plaintiff presented a plausible claim that he was in imminent danger when it permitted him to proceed in this lawsuit pursuant to 28 U.S.C. § 1915(g) (Doc. 11). As set forth above, this Court finds Plaintiff credible in his statements that, at the time he filed his lawsuit and continuing, he is/was in significant pain and that it is not being treated adequately, that his physical state is deteriorating, and that he has various significant medical problems including loss of eyesight, hearing, and mobility, (which can only negatively

---

[2] The Court acknowledges that Plaintiff's medical records do not bear out the depth of the pain and functional limitations that Plaintiff testified about. However, the Court finds Plaintiff credible in his statements about the level of his pain and the limitations he suffers.

affect his activities of daily living).   As such, the evidence developed at the hearings support his allegations of imminent danger and his *in forma pauperis* status ought not to be revoked.   *Taylor v. Watkins*, 623 F.3d 483, 484 (7th Cir. 2010).

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction be **GRANTED IN PART**, that Wexford's Motion to Dismiss be **DENIED**, that Plaintiff's Motion to Dismiss be **MOOTED,** and that the Court adopt the foregoing findings of fact and conclusions of law.

In particular, the Court recommends that:

1. Defendants schedule Plaintiff to be evaluated by an orthopedic specialist within 30 days of the Court's Order.

2. Within 15 days of the appointment, Defendants shall provide a notice to the Court indicating the specialist's recommendations and course of treatment (if any).   In doing so, Defendants shall inform the Court when and how the treatment (if any) will be carried out.

### NOTICE REGARDING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), any party may serve and file written **OBJECTIONS** to this Report and Recommendation/Proposed Findings of Fact and Conclusions of Law within fourteen (14) days after service.   Failure to file such **OBJECTIONS** shall result in a waiver of the right to appeal all issues, both factual and legal, which are addressed in the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law. *Video Views, Inc. v. Studio 21, Ltd. and Joseph Sclafani,* 797 F.2d 538 (7th Cir. 1986).

**You are not to file an appeal as to the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law**. An appeal is inappropriate until after the District

Judge issues an Order either affirming or reversing the Report and Recommendation/Proposed Findings of Fact and Conclusions of Law of the U.S. Magistrate Judge.

**DATED: June 25, 2018**

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**