IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE,<br><br>        Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>CHRISTINE BROWN, and<br>KAREN JAIMET,<br><br>        Defendants. | Case No. 3:17-CV-952-NJR-MAB |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Mark A. Beatty, which recommends the undersigned grant the Motion for Summary Judgment on the issue of exhaustion of administrative remedies filed by Defendant Wexford Health Sources, Inc. (Doc. 69) and deny the "Emergency Motion Pertinent to Non-Compliance of the Preliminary Injunction" filed by Plaintiff William Malone (Doc. 74).

On September 6, 2017, Malone filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging various deprivations of his constitutional rights (Doc. 1). Although Malone has accumulated at least ten "strikes" for filing frivolous lawsuits and is prohibited from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g), the Court permitted Malone to proceed after finding the imminent danger exception applied to his Eighth Amendment deliberate indifference claim (Doc. 11). In July 2018, the Court further granted Malone injunctive relief and ordered Defendants to schedule Malone to be evaluated by an orthopedic specialist for potential treatment (Doc. 59).

Although Malone acknowledges that he underwent surgery in October 2018 after seeing that specialist, he now claims that Defendants are not complying with the preliminary injunction because he missed pre-operative and post-operative appointments with the orthopedist (Doc. 74).[1] He also claims he was prematurely released from the hospital after the surgery (*Id.*). Defendants filed responses in opposition detailing Malone's appointments with the specialist, as well as his post-operative care (Docs. 81, 82).

Defendant Wexford Health Sources, Inc., also has filed a motion for summary judgment arguing that Malone failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 69). Because Malone is subject to a filing ban, he was prohibited from filing a response in opposition.

On July 1, 2019, Judge Beatty entered the Report and Recommendation currently before the Court (Doc. 87). Judge Beatty recommends denying Malone's "Emergency Motion Pertinent to Non-Compliance of the Preliminary Injunction" because the evidence demonstrates that Defendants clearly complied with the preliminary injunctive relief ordered by the Court. Judge Beatty further recommends granting the motion for summary judgment filed by Wexford because Malone failed to fully exhaust his claims against Wexford at the institutional level. Objections to the Report and Recommendation were due July 15, 2019; no objections were filed.[2]

Where timely objections are filed, this Court must undertake a *de novo* review of

---

[1] Although Malone is subject to a filing ban instituted by the Seventh Circuit Court of Appeals until he pays in full all outstanding filing fees and sanctions in his civil cases, the undersigned permitted him to file this motion as it appeared to relate to the injunctive relief previously ordered by the Court.

[2] Malone attempted to file an objection through a fellow inmate, but due to the aforementioned filing ban, the objection was stricken.

the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). But, where neither timely nor specific objections to the Report and Recommendation are made, this Court should only review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While *de novo* review is not required here, the Court has reviewed Judge Beatty's Report and Recommendation for clear error. Following this review, the Court agrees with his findings, analysis, and conclusions. Accordingly, the Court **ADOPTS** Judge Beatty's Report and Recommendation in its entirety (Doc. 87). The "Emergency Motion Pertinent to Non-Compliance of the Preliminary Injunction" filed by Plaintiff William Malone (Doc. 74) is **DENIED**. The Motion for Summary Judgment filed by Wexford Health Sources, Inc. (Doc. 69) is **GRANTED**. The Clerk of Court is **DIRECTED** to **TERMINATE** Wexford as a party to this action.

Furthermore, the Joint Motion for Extension of Time (Doc. 94) and the Motion to Vacate Scheduling Order (Doc. 95) filed by Defendants Christine Brown and Karen Jaimet are **GRANTED**. The discovery deadline is hereby extended to **October 9, 2019**. Dispositive motions shall be filed by **November 25, 2019**.

**IT IS SO ORDERED.**

DATED:   September 9, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**