IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. MALONE,

    Plaintiff,

v.

CHRISTINE BROWN and SCOTT THOMPSON,[1]

    Defendants.

Case No. 17-cv-952-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on a motion for summary judgment (Docs. 101, 102, 104) filed by Christine Brown and Scott Thompson. Malone is considered a restricted filer and has not filed a response to the motion.[2]

### BACKGROUND

William A. Malone, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard"), filed his Complaint for deliberate indifference against Christine Brown for medical care which

---

[1] Karen Jaimet, as the current warden of Pinckneyville Correctional Center, was originally added to the case for purposes of implementing any injunctive relief awarded at the close of the case (Doc. 11, p. 12). Scott Thompson is the current warden of Pinckneyville, and thus the Clerk is DIRECTED to SUBSTITUTE Thompson in place of Jaimet as the proper party for implementing injunctive relief.

[2] On June 6, 2018, the Seventh Circuit imposed a filing ban on Malone until he pays in full all outstanding filing fees and sanctions in his civil actions. *Malone v. Ill. Dep't of Corr., et al*, SDIL Case No. 17-cv-935-SMY, Doc. 21. The practical effect of a filing ban is that Malone cannot file any papers in this civil rights action notwithstanding his claim of imminent danger. *See Support Systems Intern., Inc. v. Mack*, 45 F.3d 185, 186-7 (7th Cir. 1995); *Isby-Israel v. Lemmon*, 674 F App'x 569 (7th Cir. 2017).

occurred while he was housed at Pinckneyville Correctional Center ("Pinckneyville"). Malone was allowed to proceed on a single count against Brown:

> Count 1: Brown was deliberately indifferent to Malone's serious medical condition (allegedly defective hip replacement and associated symptoms) in violation of the Eighth Amendment.

Specifically, his Complaint alleged that Brown overruled a doctor's referral to an orthopedic specialist (Doc. 11, p. 8). She also denied prescribed treatment and grievances related to his care (*Id*. at pp. 8-9). The warden of Pinckneyville was added to the case solely for the purpose of implementing any injunctive relief awarded.

Prior to filing suit, Malone had ten cases that were dismissed as frivolous or because he failed to state a claim (Doc. 11, pp. 2-4). Thus, he was prevented from bringing his action *in forma pauperis* unless he demonstrated that he was in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). The Court found that Malone's claim regarding the treatment of his hip and back pain, which he believed to be the result of a defective hip replacement implanted prior to his incarceration, constituted imminent danger (Doc. 11, p. 9). In July 2018, the Court granted Malone's request for a preliminary injunction and ordered Defendants to schedule him for an evaluation by an orthopedic specialist (Docs. 2, 54, and 59). As a result of that evaluation, Malone had hip surgery on October 22, 2018 (Doc. 87, p. 4; Doc. 96, p. 2).

During the relevant time period, Christine Brown was the Healthcare Unit Administrator at Pinckneyville. Her duties included supervising administrative issues in the healthcare unit (Doc. 104, p. 1). Although she is a nurse, in the role of Healthcare Unit Administrator, she does not provide medical care to inmates nor does she write

prescriptions, refer inmates to specialists, or prescribe testing (*Id.*; Doc. 102-1, p. 49). She also cannot override a doctor's referral and she does not provide any oversight of medical care (*Id.*).

Brown provided responses to three grievances written by Malone. On April 12, 2016, Brown responded to Counselor Rolla regarding Malone's February 25, 2016 grievance (Docs. 104, p. 1; 102-2, p. 12). She stated that all of Malone's treating physicians were licensed and treated his medical complaints (*Id.*). She also noted that Dr. Shah, Dr. Scott, and the nurse practitioner determined that neither physical therapy nor an outside orthopedic appointment was warranted for his condition (*Id.*). On June 14, 2016, she responded to a letter from Malone dated June 6, 2016 (Docs. 104, p. 1; 102-2, p. 13). She informed Malone that the doctors order his medication and may refill his prescription if medically necessary (*Id.*).

Brown also responded to an emergency grievance sent by Malone on March 17, 2017, about continuing pain (Docs. 104, p. 2; 102-5, pp. 4-6). She informed the grievance officer that Malone was refusing sick call appointments (*Id.*). She also noted that he saw the doctor on March 19, 2017 and did not request pain medication (*Id.*). She responded to another emergency grievance dated July 13, 2017 (Doc. 104, p. 2; 102-5, pp. 1-3). The grievance complained of continuing pain in his hip (*Id.*). Malone also complained that Brown denied a recommendation for a referral to an orthopedist despite lacking any expertise in the area (Doc. 102-5, p. 3). Brown responded that the referral was denied by Wexford because they wanted to have x-rays prior to any referral (Doc. 102-5, p. 1). She also noted that he received pain medication and his wheelchair was evaluated by a physical therapist (*Id.*).

## LEGAL STANDARDS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014), citing FED. R. CIV. P. 56(a). *Accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enter., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014).

In assessing a summary judgment motion, a district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542 (7th Cir. 2014).

### B. Deliberate Indifference

Prison officials violate the Eighth Amendment's proscription against "cruel and unusual punishments" if they display deliberate indifference to an inmate's serious medical needs. *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks omitted)). *Accord Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) ("[D]eliberate indifference to

serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution."). A prisoner is entitled to reasonable measures to meet a substantial risk of serious harm — not to demand specific care. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

To prevail, a prisoner who brings an Eighth Amendment challenge of constitutionally-deficient medical care must satisfy a two-part test. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (*citing Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). The first prong that must be satisfied is whether the prisoner has shown he has an objectively serious medical need. *Arnett*, 658 F.3d at 750. *Accord Greeno*, 414 F.3d at 653. A medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). *Accord Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (violating the Eighth Amendment requires "deliberate indifference to a substantial risk of serious harm.") (internal quotation marks omitted) (emphasis added).

Prevailing on the subjective prong requires a prisoner to show that a prison official has subjective knowledge of—and then disregards—an excessive risk to inmate health. *Greeno*, 414 F.3d at 653. A plaintiff need not show the individual literally ignored his complaint, just that the individual was aware of the serious medical condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008).

## ANALYSIS

Simply put, there is no evidence that Brown acted with deliberate indifference. Malone fails to offer any evidence that Brown was personally involved in his care.

Although he alleges that she denied his referral to a specialist, this is based solely on his own belief. Malone testified that he believed Brown could override a medical doctor's directive because she was a department head (Doc. 102-1, p. 65), but there is no evidence in the record to support that belief. In fact, the medical records show that Dr. Fischer denied the request to see a specialist until he received updated x-rays (Doc. 102-2, p. 9). There is no evidence in the medical records to suggest that Brown participated in those discussions or made any decisions regarding his care (Doc. 102-2).

Instead, the evidence in the record indicates that Brown only responded to his grievances regarding his care. In doing so, she noted what care he was receiving at the time. Although those grievances were ultimately denied, the mere denial of a grievance does not amount to deliberate indifference. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Because there is no evidence that Brown participated in the decision to deny Malone's referral to a specialist, the Court finds that Brown is entitled to summary judgment.

The Court further notes that Malone's request for injunctive relief is now moot because he is no longer housed at Pinckneyville, and he has already received the hip surgery that he requested (Docs. 87 and 96). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (a prisoner's request for injunctive relief is rendered moot by his transfer to another prison); *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008). Thus, Scott Thompson is no longer a necessary party, and the claims against him are **DISMISSED without**

**prejudice**.

## CONCLUSION

For the reasons stated above, the motion for summary judgment (Docs. 101, 102, 104) is **GRANTED**. The Clerk is **DIRECTED** to close the case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   July 8, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**